SHANNON, Acting Chief Judge.
The appellant-defendant takes an appeal from a judgment rendered against it in favor of the plaintiffs.
The plaintiffs purchased a home, and approximately 22 months later received a bill from the defendant-utility company in the amount of $97.25 for sewer service. There was no communication between the parties prior to the receipt of this statement. The plaintiffs refused to pay this bill, offering to accept service at the normal rate beginning with the time they were notified that they were receiving sewer service. The defendant rejected this offer and stated through several letters that unless the plaintiff paid the back charges or made some reasonable arrangements to pay the same, their sewer service would be terminated. The plaintiffs, having been so advised by their attorney, continued to refuse to pay anything on the back charges. These communications encompassed a period of several months, at the end of which the defendant cut off the plaintiffs’ sewer service. The service was resumed 24 hours later when the plaintiffs obtained a temporary injunction. The plaintiffs brought an action for damages sustained during this 24 hour period, alleging that the defendant wrongfully terminated their sewer service. The jury found for the plaintiffs in the amount of $1,000.00, and the defendant has taken this appeal.
The general rule is that a utility company has the right to terminate service to a customer who refuses to pay reasonable charges. 43 Am.Jur., Public Utilities and Services, Sec. 64. This rule has been adopted in Florida with respect to water companies in State v. City of Miami, 1946, *685 157 Fla. 726, 740, 27 So.2d 118, 126, and Miami Water Co. v. City of Miami, 1931, 101 Fla. 506, 134 So. 592.
It is also generally held that there is an exception to the above rule where there is a bona fide dispute over the correctness of the bill rendered. See 43 Am.Jur., Public Utilities and Services, Sec. 65, and cases collected at 28 A.L.R. 475. Research does not reveal any Florida cases which have applied or rejected this exception to the general rule.
The first issue presented by this appeal is whether there was a bona fide dispute between the parties as to the bill for back charges. Since we find that the dispute between the parties was not bona fide, it is not necessary for us to decide whether Florida should adopt the exception applicable to bona fide disputes. Ordinarily the question of whether the dispute was bona fide would be for the jury to determine, but a careful examination of the record reveals that no evidence was submitted on which a jury could lawfully find that there was a bona fide dispute. Therefore the trial court should have directed a verdict for the defendant.
The plaintiffs had purchased their home in April of 1960, and because of error or neglect on the part of the utility company, the plaintiffs received sewer service but had never been billed for this service. On February 21, 1962, the defendant sent the plaintiffs a bill for $97.25 along with a letter of explanation. The plaintiffs immediately contacted an attorney, who, on April 2, 1962, wrote to the defendant stating that he had advised the plaintiffs that they were not obligated to pay any of the back charges. Accompanying this letter was a check for a deposit and for charges for the months of March and April. On June 18, 1962, the plaintiffs’ attorney again wrote the defendant to inquire as to the status of the matter and as to why the defendant had not cashed the plaintiffs’ check. On November 14, 1962, the defendant wrote the plaintiffs a lengthy letter in which they again requested payment. They did not demand full payment immediately, but rather an agreement that these back charges would be paid according to some reasonable arrangement. The defendant returned the plaintiffs’ check, which they had previously tendered for current charges, with this letter. This letter also stated that failure to make some sort of satisfactory arrangement would result in termination of service.
On November 28, 1962, the defendant disconnected the plaintiffs’ sewer service, and it was reconnected the next day under a temporary injunction. On November 29, 1962, the plaintiffs’ attorney again notified the defendant that the plaintiffs would not pay any of the back charges.
It is not disputed that the plaintiffs had used this sewer service for the 22 months covered by the bill, and it is not contended that the monthly rate is incorrect or inconsistent with standards set by the Florida Railroad and Public Utilities Commission, the regulations of which govern the conduct of the defendant.
The appellees, in support of their contention that there was a bona fide dispute, urge that they did not absolutely refuse to pay these back charges, but that they only refused to pay contract rates for services not contracted for. They further contend that in the absence of a contract the remedy of the utility company is in quasi-contract for the reasonable value of services rendered. While these two contentions may have merit from a legal standpoint, they are so entirely inconsistent with the plaintiffs’ actions and conduct as to be of no persuasive value.
In both the letters of April 3, 1962, and of November 29, 1962, written by the plaintiffs’ attorney to the defendant the following statement is found: 'T have advised the Pringles that they have no obligation to pay any back charges which were actually contracted for by Mr. Clark and I have also advised them that they have a right to the services because of the public interest in *686 volved.” Mr. Clark was the former owner and occupant from whom the plaintiffs had purchased the house. It has never been disputed that the bill included any service to Mr. Clark. The plaintiffs have never exhibited any willingness whatsoever to pay any part of this bill. Their only positive acts have been to flatly refuse to pay any of the back charges.
There was evidence introduced that Mrs. Pringle had stated to a neighbor, before the plaintiffs ever received a bill, that she was aware she was receiving sewer service without being charged and if the company ever sent her a bill she would not pay it.
We are not condoning the neglect on the part of the utility company in this situation. However, viewing the evidence in its aspects most favorable to the plaintiffs, a jury could not lawfully conclude that there was a bona fide dispute on these facts. The trial court erred in not directing a verdict for the defendant
Reversed.
ANDREWS, J., and ANDERSON, ALLEN C., Associate Judge, concur.